RILEY, Chief Judge,
dissenting.
Because the district court correctly analyzed the facts and applied Nebraska law in denying Friend’s motion for preliminary injunction, I respectfully dissent for the reasons stated in the district court’s order.
The panel majority incorrectly claims the district court “only” evaluated one Da-taphase factor — factor three — the “probability of success ... on the merits.” Ante at 497. The district court adequately evaluated all four Dataphase factors and assumed, for purposes of the motion, that all of the factors favored Friend, except for factor three. The district court then expressly determined Friend was not entitled to relief because Friend could not (1) demonstrate a probability that Friend would succeed on the merits, and (2) the remaining factors were insufficient to justify the “extraordinary remedy” of a preliminary injunction. Roudachevski v. All-Am. Care Ctrs., Inc., 648 F.3d 701, 705 (8th Cir.2011) (explaining a preliminary injunction is “an extraordinary remedy”); Intel Corp. v. ULSI Sys. Tech., Inc., 995 F.2d 1566, 1568 (Fed.Cir.1993) (“[A] preliminary injunction is a drastic and extraordinary remedy that is not to be routinely granted.”).
Friend failed to demonstrate a probability of success on the merits because the plain language of the contract unambiguously contradicts Friend’s argument. See Ruble v. Reich, 259 Neb. 658, 611 N.W.2d 844, 850 (2000) (“The terms of a contract are to be accorded their plain and ordinary meaning as ordinary, average, or reasonable persons would understand them.”). Friend concedes the contract is not ambiguous, and, notwithstanding the panel majority’s critique, ante at 498, the district court may accept that concession, as we ourselves frequently and consistently do. See, e.g., Maytag Corp. v. UAW, 687 F.3d 1076, 1085 (8th Cir.2012); Rogers v. Am. Ins. Co., 338 F.2d 240, 244 (8th Cir.1964); Pet Milk Co. v. Boland, 175 F.2d 151, 158-59 (8th Cir.1949). When the parties argue different contract interpretations, that debate does not necessarily make the contract ambiguous. See Knox v. Cook, 233 Neb. 387, 446 N.W.2d 1, 4 (1989) (“The *501 fact that parties to a document have or suggest opposing interpretations of the document does not necessarily, or by itself, compel the conclusion that the document is ambiguous.”)- Only the panel majority finds an ambiguity here.[6]
When the contract has no ambiguity, the contract’s interpretation, viewing the contract as a whole, becomes a question of law. Ruble, 611 N.W.2d at 850. Although Friend conceded lack of ambiguity and did not discuss ambiguity in any detail, the district court, contrary to the majority opinion’s reference, ante at 498, did “meaningfully analyze whether the 2002 franchise agreements are ambiguous.” The district court thoroughly analyzed the contract language and determined the provisions of § 2.F., when “read naturally and together” with the provisions governing renewals, contravened Friend’s “strained” interpretation. As the district court explained, “§ 2.F[.] creates a floor, not a ceiling.” The district court reasoned— Section 2.F. does not prohibit Home Instead
from raising the minimum amount. A minimum of $70,000 includes, and is not inconsistent with, a minimum of $30,000.
Home Instead may ... continue to update the standard requirements for new franchises, and insist that renewing franchises conform. This serves two important functions. First, it allows Home Instead to maintain relatively uniform franchise agreements.... Second, it prevents Home Instead from being stuck with terms that have ceased being profitable or are failing to account for current market conditions.
[Friend] cannot demonstrate any probability that they will succeed on the merits. This is the 800-pound gorilla in the room, and it is not going to budge, even if the remaining Dataphase factors all joined in pushing.
I agree. I would affirm the well reasoned judgment of the district court.

. The majority opinion in footnote 3 misses my point: we always may accept a concession by a party — -here, non-ambiguity. Of course, we may evaluate whether the contract language is ambiguous, which the district court did, and in which I concur. The district court rejected both parties' interpretations and itself interpreted the language of § 2.F. Further evaluation of the parties' respective interpretations is unnecessary because the provisions of § 2.F. use “clear and unambiguous language.” Bedrosky v. Hiner, 230 Neb. 200, 430 N.W.2d 535, 539 (1988).